UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00260-RJC
3:20-cr-00335-RJC-DCK-1

| | |
|---|---|
| GARVIN ALEXANDER HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I. BACKGROUND

On September 16, 2020, Petitioner Garvin Alexander Harris ("Petitioner") was charged in a Bill of Information with one count of drug trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One); four counts of distribution of and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Counts Two through Five); and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Six). [CR Doc. 1: Bill of Information]. On September 25, 2020, Petitioner pleaded guilty to all six counts. [CR Doc. 3: Plea Agreement; CR Doc. 7: Entry and Acceptance of Guilty Plea].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:23-CV-00260-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:20-CR-00355-RJC-DCK-1.

Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 15: PSR]. The probation officer recommended a total offense level of 34, which included a career offender enhancement and a three-level reduction for acceptance of responsibility, and a criminal history category of VI, which included two additional criminal history points for Petitioner having committed the instant offense while under a criminal justice sentence for possession of a firearm by a felon, yielding a guidelines range of 262 to 327 months.[2] [Id. at ¶¶ 31-34, 48, 49, 77]. At sentencing, the parties agreed that under United States v. Campbell, 22 F.4th 438 (4th Cir. 2022)[3], Petitioner was not a career offender. [CR Doc. 26 at 1: Statement of Reasons]. Absent the career offender enhancement, the total offense level was 31 and the guidelines range was 168 to 210 months. [Id.]. The Court sentenced Petitioner to a term of imprisonment of 168 months on each count to be served concurrently for a total term of imprisonment of 168 months. [CR Doc. 25 at 2: Judgment]. Judgment on Petitioner's conviction was entered on February 2, 2022. [Id.]. Petitioner did not file a direct appeal.

On April 27, 2023, Petitioner filed the pending pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1 at 10]. In his § 2255 motion, Petitioner argues that (1) his attorney was ineffective at sentencing for failing to object to the career offender enhancement and to the assignment of two additional criminal history points under U.S.S.G. §4A1.1(d); (2) there was "plain error" in the Court's guidelines calculations to which Petitioner's attorney failed to object; and (3) his sentence was improperly "enhanced 3 points for a 15 year old voluntary manslaughter conviction," which raised his criminal history category from III to VI and his guidelines range

---

[2] Because the applicable guidelines range exceeded the statutorily authorized maximum sentence of 240 months for Count Six, the guidelines range for Count Six became 240 months. [CR Doc. 15 at ¶ 77 (citing U.S.S.G. § 5G1.2(b))].

[3] In Campbell, the Fourth Circuit held that the career offender provision of the guidelines did not extend the definition of "controlled substance offense" to attempts to commit the substantive offenses enumerated in the definition. 22 F.4th at 445-46.

2

accordingly. [Id. at 4-6, 11-13].

For relief, Petitioner asks the Court to correct his sentence and resentence him "to mandatory minimum." [Id. at 10].

Petitioner addresses timeliness in his petition. [Id. at 9, 13-14]. Petitioner states, "due to the Covid 19 varient the Petitioner ask's the court for 'excusable neglect', because the law library was not available for Petitioner to exercise of due diligence. It only is a little over 60 days form the limitation, and this prison has been on code red lock-down." [CV Doc. 1 at 9 (errors uncorrected)].

## II.     STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of Section 2255(f) on February 16, 2022, when his deadline to appeal expired. Fed. R. App. P. 4(b)(1)(A); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). Petitioner, however, did not file the instant motion to vacate until April 27, 2023, over a year and two months later. Thus, Petitioner's motion to vacate is untimely, see 28 U.S.C. § 2255(f)(1), unless he shows he is entitled to equitable tolling.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct.

4

1605 (2004)).  A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010).  Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

In support of equitable tolling, Petitioner states that, due to Covid-19, the law library was not available and his prison "has been on code red lock-down."  Petitioner has plainly not shown that he was prevented from timely filing this motion, nor does it appear that a gross injustice would result from enforcing the limitations period against Petitioner.  Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue.  See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007).  As such, Petitioner's claim is untimely under § 2255(f) and equitable tolling does not apply.  The Court will, therefore, dismiss Petitioner's motion to vacate on initial review.

**IV.    CONCLUSION**

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that

5

this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: May 24, 2023

Robert J. Conrad, Jr.
United States District Judge