IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CR-00335-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GARVIN ALEXANDER HARRIS (1) | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the defendant's pro se Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). (Doc. No. 40).

That statute allows a court to reduce a sentence based on a guideline range that has been subsequently lowered by the Sentencing Commission. Here, Amendment 820 detailed by the defendant as affecting his sentence is not listed by the Commission as being retroactively applicable for purposes of § 3582(c)(2). USSG §1B1.10(a)(1), (d). Thus, he is not entitled to relief.[1]

**IT IS, THEREFORE, ORDERED** that the defendant's Motion for a Reduction of Sentence, (Doc. No. 40), is **DENIED.**

Signed: February 1, 2024

Robert J. Conrad, Jr.
United States District Judge

---

[1] Amendment 820 resolved a circuit split regarding the application of a one-point offense level reduction for timely notification of the intent to plead guilty. USSG §3E1.1(b). Here, the defendant received the full three-point reduction for acceptance of responsibility, so he would not benefit from the amendment even if it were retroactive. (Doc. No. 15: Presentence Report ¶¶ 32, 33; Doc. No. 29: Sent. Hr'g Tr. at 4).